RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE _6 / 15 / 11_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

VERSUS

JAMES BERNIS MIDKIFF

CIVIL ACTION
1:05-CR-10022-01

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is a motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255, by James Bernis Midkiff ("Midkiff") on February 3, 2011 (Doc. 266). Midkiff is contesting his convictions and sentences, by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division, on one count of conspiracy to manufacture or distribute methamphetamine, four counts of manufacture or distribution of methamphetamine, three counts of possession of a firearm by a convicted felon, and two counts of possession of a firearm during a drug trafficking offense. Midkiff was sentenced to a total of 528 months imprisonment. Midkiff's convictions and sentences were affirmed on appeal and the Supreme Court denied writs. <u>U.S. v. Jackson</u>, 596 F.3d 236 (5th Cir. 2010), cert. den., 130 S.Ct. 2126, 131 S.Ct. 90 (U.S. 2010).

Midkiff raises the following issues in his Section 2255 motion:

1. Midkiff was denied the effective assistance of counsel due to counsel's failure to provide him with his complete criminal case files on request.

2. Midkiff was denied the effective assistance of counsel due to counsel's failure to effectively pursue plea negotiations and failure to explain/convey plea offers.

3. Midkiff was denied the effective assistance of counsel due to counsel's failure to properly advise Midkiff of the elements of the offenses charged and the relative sentence exposure for each offense charged.

4. Midkiff was denied the effective assistance of counsel due to counsel's failure to review all of the case files, discovery, and evidence with Midkiff prior to Midkiff's trial.

5. Midkiff was denied the effective assistance of counsel due to counsel's failure to adequately prepare for and/or properly investigate the case in order to effectively represent Midkiff at trial.

6. Midkiff was denied the effective assistance of counsel due to counsel's failure to interview and call favorable witnesses to effectively defend Midkiff at trial.

7. Midkiff was denied the effective assistance of counsel due to counsel's failure to properly file and pursue suppression of certain evidence and statements used at Midkiff's trial.

8. Midkiff was denied the effective assistance of counsel due to counsel's failure to object to, or preserve for appellate review, the government's case agent's (Ortiz) testimony as both a fact and an expert witness eight different times during Midkiff's trial.

9. Midkiff was denied the effective assistance of counsel due to counsel's failure to properly and timely object to the government's failure to provide pretrial notice of expert witness testimony.

10. Midkiff was denied the effective assistance of counsel due to counsel's failure to cross-examine some prosecution witnesses and failure to effectively cross-examine other witnesses during trial.

11. Midkiff was denied the effective assistance of counsel due to counsel's failure to properly object to unduly prejudicial evidence of Midkiff's prior imprisonments and bad acts that were irrelevant to the charges alleged.

12. Midkiff was denied the effective assistance of counsel due to counsel's failure to properly argue that the indictment charged over 50 grams of methamphetamine so the district court's instruction allowing conviction for less than 50 grams constructively amended the indictment.

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

### Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008

(5th Cir. 1989); Section 2255 Rule 8(a).

Facts

The facts of this case as set forth by the Fifth Circuit Court

of Appeals at U.S. v. Jackson, 596 F.3d 236, 238-239 (5th Cir.

2010), are as follows:

> "Jackson and Midkiff were indicted by a federal grand jury for their participation in a conspiracy to manufacture and distribute methamphetamine. They, along with several co-conspirators, utilized a number of remote rural locations in Louisiana to set up methamphetamine labs. They used these labs to 'cook' methamphetamine, which they later distributed. In addition to the drug crimes, both men were accused of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Midkiff also was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Federal arrest warrants were issued for both men.

> "Before Jackson was arrested, the state case agent in the federal investigation sought a search warrant for Jackson's residence from a state court judge. The agent executed an affidavit supporting the warrant application, and, based on the affidavit, the state court issued a search warrant for Jackson's residence.

> "Thus, at the time the officers went to Jackson's residence, they had both a state search warrant and a federal arrest warrant. When the officers entered Jackson's home, they observed him place something under the couch on which he was sitting. They quickly arrested Jackson and then conducted a sweep of the home to ensure that no one else was present. They also examined the couch and discovered that the item Jackson placed under it was a bag of marijuana.

> "The officers continued their search of the residence and the outdoor area surrounding the home. Inside the house, they discovered a locked safe. Jackson provided the officers with the combination to the safe, inside of which they found guns and some crushed pseudoephedrine tablets, which are used to produce methamphetamine. Outside the house, they found chemicals and equipment

4

used in the manufacturing of methamphetamine."

## Law and Analysis

### Ineffective Assistance of Counsel

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

A fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. Dowthitt v. Johnson, 230 F.3d 733 (5th Cir. 2000), cert. den., 532 U.S. 915, 121 S.Ct. 1250 (2001), citing Strickland v. Washington. Thus, the court's scrutiny of counsel's performance is highly deferential.  The court must be particularly wary of arguments that essentially come down to a matter of degrees, i.e., did counsel investigate enough or did counsel present enough mitigating evidence.  Those questions are even less susceptible to judicial second-guessing.  Dowthitt, citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir.1999).

In a habeas or Section 2255 proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. U.S. v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999), citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1994).

Issue 1 - Case Files

First, Midkiff contends he was denied the effective assistance of counsel due to counsel's failure to provide Midkiff with his complete criminal case files on request.[1]  Midkiff contends that, although he has his trial transcripts, he does not have the DVD/CD's, discovery material, and pleadings/correspondences in his

---

[1] It is noted that Midkiff had two attorneys; the first attorney withdrew prior to arraignment on the superseding indictment and was replaced (Docs. 93, 94).

attorney's file for his case.

Midkiff does not state specifically what information was in the parts of the record that he did not receive and how he was prejudiced by not receiving it.  Although Midkiff contends his Section 2255 motion is "not complete" because he lacked his entire file, he does not allege what further ground for relief he would have brought had he been provided with the allegedly missing material.

It is noted that any DVDs or CDs played at trial were included in the trial transcript.  For instance, the CD of Midkiff's recorded statement was played at trial and transcribed by the court reporter, and is set forth in the trial transcript.

Since Midkiff has not shown that he had ineffective assistance of counsel as to this complaint, this issue is meritless.

<u>Issue No. 2 - Plea Negotiations</u>

Midkiff next contends he was denied the effective assistance of counsel due to counsel's failure to effectively pursue plea negotiations and failure to explain/convey plea offers.

A prosecutor exercises considerable discretion in matters such as whether to enter into plea bargains (or not) and the terms on which they will be established.  These decisions, critical to the conduct of a prosecution, are made outside the supervision of the court.  <u>Young v. U.S. ex rel. Vuitton et Fils S.A.</u>, 481 U.S 787, 807, 107 S.Ct. 2124, 2137 (1987); <u>DeGarmo v. Texas</u>, 474 U.S 973.

975, 106 S.Ct. 337, 338 (1985); <u>U.S. v. Spaulding</u>, 193 F.3d 517, *3 (5th Cir. 1999), cert. den., 528 U.S. 1095, 120 S.Ct. 835 (2000)("A prosecutor enjoys discretion to enter into plea bargains with some defendants and not with others...").

In the case at bar, Midkiff does not allege that the government offered a plea bargain which was not properly explained to him by counsel. Instead, Midkiff complains that the only plea bargain offered by the government was to cooperate and receive a sentence of 80 to 100 years imprisonment; Midkiff admits his attorney explained to him that the prosecutor had stated this was the only offer that would be made. Although Midkiff apparently blames his attorney for the government's refusal to negotiate a plea bargain, Midkiff's attorney is in no way responsible for the prosecutor's decision not to negotiate with Midkiff. Therefore, Midkiff has not shown that he had ineffective assistance of counsel in this respect.

This issue is meritless.

<u>Issue No. 3 - Offenses and Sentences</u>

Next, Midkiff contends he was denied the effective assistance of counsel due to his attorney's failure to properly advise him of the elements of the offenses charged and the relative sentence exposure for each offense charged.

At his arraignment, the court explained to Midkiff the maximum possible penalty for each count charged. Moreover, Midkiff admits

in his brief (see above) that the government offered him a "plea bargain" that included a sentence of 80 to 100 years, so Midkiff knew the kind of sentence exposure he was facing.  Finally, Midkiff does not specify how he was prejudiced by his counsel's alleged failure to explain the elements of the offenses charged and the sentences.  It is noted that the offenses charged are fairly self-explanatory, and Midkiff does not specify what parts he did not understand..  Therefore, since Midkiff has not alleged how he was prejudiced, he has not shown that he had ineffective assistance of counsel.

This issue is meritless.

Issue No. 4 - Pretrial Review of Evidence

Midkiff alleges he was denied the effective assistance of counsel due to counsel's failure to review all of the case files, discovery, and evidence with Midkiff prior to trial.  Midkiff contends his attorney did not spend "enough time" with him prior to trial.  Although Midkiff contends that, had his attorney spent more time with him before trial, there is a "reasonable probability" that the proceedings would have ended differently, Midkiff does not allege with specificity what different strategic choices would have been made and how those strategies would have changed the outcome of the trail.  Instead, Midkiff only contends generally that he would have negotiated a plea bargain for a lesser sentence.  However, as discussed above, the government refused to negotiate,

a fact which is not attributable to Midkiff's attorney.  Therefore, Midkiff has not shown that his attorney was ineffective.

This issue is meritless.

Issue No. 5 - Investigation

Midkiff alleges he was denied the effective assistance of counsel  due to counsel's failure to adequately prepare for and/or properly investigate the case in order to effectively represent him at trial.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993), citing Strickland v. Washington.  However, bare allegations do not suffice.  A defendant or petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.  Nelson, 989 F.2d at 850, citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).  Under Strickland, even where trial counsel has failed to adequately investigate a case, a defendant must demonstrate that he has been prejudiced by his counsel's failure.  See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir.1986), cert. den., 479 U.S. 1030, 107 S.Ct. 873 (1987).  To show prejudice, the petitioner must prove that an alleged breach of his attorney's duty to investigate resulted in an actual and substantial disadvantage to the course of

his defense.  Baldwin, 704 F.2d at 1333.

In the case at bar, Midkiff states vaguely that, had his attorney investigated his case properly, he would have discovered "factual and legal grounds" for (1) suppression of evidence that would have benefitted the defense at trial and (2) to impeach government witnesses.  Midkiff does not specify what new information would have been discovered, which people his attorney should have interviewed, what evidence could have been suppressed and on what grounds, who could have been impeached and with what evidence, and how the outcome of his trial would have been changed. Therefore, Midkiff has failed to prove ineffective assistance of counsel.

This issue is meritless.

Issue No. 6 - Favorable Witnesses

Next, Midkiff argues he was denied the effective assistance of counsel  due to counsel's failure to interview and call favorable witnesses to effectively defend him at trial.

Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of how a witness would have testified are largely speculative.  Graves v. Cockrell, 351 F.3d 143, 155 (5th Cir. 2003), amended in other part, 351 F.3d 156 (5th Cir. 2003), cert. den., 124 S.Ct. 2160 (U.S. 2004), citing Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978).  Also, Boyd v. Estelle,

662 F.2d 388, 390 (5th Cir. 1981).  Where the only evidence of missing witnesses' testimony is from the defendant, the Court views claims of ineffective assistance with great caution.  Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001), citing Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir.1986), cert. den., 479 U.S. 1030, 107 S.Ct. 873 (1987).  Unless a petitioner provides the court with affidavits (or similar matter) from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice. Sayre, 238 F.3d at 636.

Midkiff contends his attorney should have interviewed and called as witnesses (1) Carole (no last name provided), who would have testified that case agent Ray Ortiz threatened her and her family unless they provided him with information on Midkiff, and (2) Tom (no last name provided) who would have testified that Agent Ortiz threatened him into providing incriminating information about Midkiff.  Since Midkiff has not alleged or shown that the information that would have been provided by Carole or Tom would have been exculpatory to Midkiff and has not provided any affidavits, Midkiff has not shown these witness would have been favorable to his defense.  Midkiff also alleges that hospital records (from an unnamed hospital) would have shown where Midkiff was and explained why his truck was parked at the cemetery, but again has not provided the necessary degree of specificity to

support his claim or the alleged hospital records.   Therefore, Midkiff has not proven he had ineffective assistance of counsel.

This issue is meritless.

Issue No. 7 - Motion to Suppress

Midkiff contends he was denied the effective assistance of counsel due to counsel's failure to properly file and pursue suppression of certain evidence and statements used at Midkiff's trial.  Midkiff contends his attorney did not file any motions to suppress evidence obtained in violation of the Fourth Amendment, i.e., firearms, drug-related paraphernalia, and an inculpatory statement given by Midkiff while in custody during an October 2004 arrest.

Counsel is not required to engage in the filing of futile motions.  The filing of pretrial motions falls squarely within the ambit of trial strategy.  Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984), citing William v. Beto, 354 F.2d 698, 703 (5th Cir. 1965).  Midkiff's attorney did not file a motion to suppress, but did file a motion in limine.[2]  Midkiff does not allege what grounds his attorney could have raised to suppress the evidence and inculpatory statement.   Midkiff only alleges vaguely that his counsel had "reason to believe" Midkiff's custodial statement was

_____

[2] Midkiff's attorney filed a motion in limine as to statements and grand jury testimony by Laura Marshall mentioning sexual acts with defendant on the bases of relevancy and undue prejudice (Doc. 147).  That motion was granted in part and denied in part (Doc. 154.)

a "violation of due process."   Moreover, not only has Midkiff
failed to prove he had standing to move to suppress evidence seized
during the search of Jackson's home (see U.S. v. Ballesteros, 39
F.3d 570 (5th Cir. 1994), and cases cited therein), but it is noted
that Jackson's motion to suppress that evidence was rejected by the
district court.

Therefore, Midkiff has not proven his attorney was ineffective
for failing to file pretrial motions to suppress.   This issue is
meritless.

Issue No. 8 - Agent Ortiz's Testimony

Next, Midkiff argues he was denied the effective assistance of
counsel due to counsel's failure to object, or preserve for
appellate review, to government witness Ortiz's testimony as both
a fact and an expert witness eight different times during Midkiff's
trial.   Ortiz was the case agent involved in the investigation of
Midkiff's case who offered testimony as to the facts of the
investigation, to explain drug-trafficking lingo and practices, and
his "opinion" about whether certain evidence and witnesses proved
Midkiff was manufacturing, or attempting to manufacture, controlled
substances.

In the case at bar, the government did not offer and introduce
Officer Ortiz as an expert witness,[3] but questioned him (without

_____

[3] The distinction between lay and expert witness testimony
is that lay testimony results from a process of reasoning
familiar in everyday life, while expert testimony results from a

objection by any defendants) about his background and training to establish that he had been trained in 2005 by the DEA at Quantico, Virginia, in the investigation of clandestine laboratories (Appellate Record, Trial Tr. p. 42).[4] The Fifth Circuit has stated that a district court probably does not abuse its discretion in determining that lay testimony by a law enforcement officer on the use of chemicals in drug manufacturing, modifications to firearms, and the reason why drug dealers carry guns is based on the officer's personal knowledge and does not fall within the scope of expert testimony under Rule 702. U.S. v. Yanez Sosa, 513 F.3d 194, 200 (5th Cir. 2008). In Yanez Sosa, 513 F.3d at 201, the Fifth Circuit also held that, even if the district court erred in admitting the testimony, the error was harmless. See also, U.S. v. Sierra, 294 Fed.Appx. 884 (5th Cir. 2008).

---

process of reasoning which can be mastered only by specialists in the field. Fed.R.Evid. rule 701. Any part of a witness's opinion that rests on scientific, technical, or specialized knowledge is determined by reference to Rule 702. Fed.R.Evid. Rule 701.

[4] To the extent Midkiff argues it was impermissible for Officer Ortiz to offer an expert opinion on drug dealing and manufacturing, that argument has been rejected by several courts. See U.S. v. Harris, 192 F.3d 580 , 588 (6th Cir. 1999). A witness may be qualified as an expert by knowledge, skill, experience, training, or education. Fed.R.Evid. rule 702. Federal agents who have training and experience in drug-related transactions, crimes, and prosecution are qualified to give expert testimony concerning the practices of those engaged in this type of activity. U.S. v. Goodwin, 496 F.3d 636, 641 n.2 (7th Cir. 2007). Also, U.S. v. Diaz, 356 Fed.Appx. 117, 126-127 (10th Cir. 2009); U.S. v. Lopez-Medina, 461 F.3d 724, 742 (6th Cir. 2006).

15

In the case at bar, Midkiff has not alleged prejudice, i.e., what objections should have been made, how they would have assisted his defense, and specifically how his defense was affected by the failure to make such objections. Although Midkiff alleges generally that having Ortiz testify as both a fact and an expert witness was confusing to the jury, he has not alleged specifically how the jury was confused. Instead, it appears Officer Ortiz' testimony as an "expert witness" explained his testimony as a "lay witness," since he was able to explain why certain evidence and information was relevant to his investigation of the defendants' meth lab.

Since Midkiff has not alleged or shown prejudice, he has not carried his burden of proving he had ineffective assistance of counsel in this respect. This issue is meritless.

Issue No. 9 - Pretrial Notice of Expert Testimony

Midkiff alleges his trial counsel failed to properly and timely object to the government's failure to provide pretrial notice of expert witness testimony. Midkiff complains the government called an expert chemist (Alex King) to testify about methamphetamine yields without pretrial notice to defendant, but his attorney failed to object.

Disclosure of the results of any expert analysis of the methamphetamine was ordered by the court in its pretrial discovery order (Doc. 47), and the prosecutor stated at trial that he had

16

provided the defendants with copies of the lab report (Appellate Record, Vol. 8, pp 787).  Midkiff's attorney was required to request a written summary of expert testimony the government intended to use at trial.  Fed.R.Cr.P. rule 16(a)(1)(G).  That request need not be filed in the record; however, if the government failed to comply with the request, a motion to compel would have been filed in the record.

When Alex King was called to testify as an expert, Midkiff's attorney did not object, nor did any of Midkiff's co-defendants' attorneys, and none of the defense counsel traversed King on his qualifications as an expert (Appellate Record, Vol. 8, pp 737-739). The fact that no defense counsel objected indicates that pretrial notice was given by the government.  Midkiff has not proven his allegation that the government did not properly notify his attorney about its intent to call King as an expert witness.

Moreover, although Midkiff claims he was denied an opportunity to effectively cross-examine the witness due to lack of notice, he has not shown how he was prejudiced, i.e., specifically what the cross-examination would have revealed that would have aided his defense.

Therefore, Midkiff has not proven ineffective assistance of counsel in this respect, either.  This issue is meritless.

Issue No. 10 - Cross-Examination

Midkiff was denied the effective assistance of counsel due to

17

counsel's failure to cross-examine some prosecution witnesses and failure to effectively cross-examine other witnesses during trial. Midkiff contends his attorney did not cross-examine 14 of the 36 government witnesses and conducted inadequate cross-examinations of the other 22 witnesses which reflected his unfamiliarity with the case. Midkiff argues his attorney should have cross-examined Laura Marshall on her criminal record,[5] motive for testifying, and prior statements, should have cross-examined Tracey Wilson on matters material to her credibility and motive for testifying,[6] and should have cross-examined Agent Ortiz about the incriminating statement Midkiff gave during an interrogation.

Midkiff has not shown or even suggested what benefit his defense would have derived from such cross-examinations; he has not shown the suggested cross-examinations would have been productive, what they would have produced, and how they would have affected the witnesses' credibility. Again, Midkiff has failed to carry his burden of proof by failing to point to any specific information on which this court could base a finding of prejudice. Therefore, this issue is also meritless.

Issue No. 11 - Inculpatory Statement

---

[5] Laura Marshall testified that she did not have any felony convictions (Appellate Record Vol. 5, Tr. p. 73).

[6] Tracey Wilson testified as to her prior convictions, probation revocation and drug use (Appellate Record Vol. 5, Tr. pp. 90-111).

18

Midkiff next contends his counsel failed to properly object to unduly prejudicial evidence of Midkiff's prior imprisonments and bad acts that were irrelevant to the charges alleged.

Midkiff argues his attorney should have objected to the introduction of his incriminating recorded statement from a 2004 custodial interrogation (Appellate Record Vol. 6, Trial Tr. p. 249). However, Midkiff's prior recorded statement was admissible under Fed.R.Evid. rule 801(d)(2). Therefore, Midkiff's attorney did not err in not objecting to admission of the statement.

Since Midkiff has not shown his attorney erred, he has not proven ineffective assistance of counsel. This issue is also meritless.

<u>Issue No. 12 - Indictment</u>

Finally, Midkiff alleges his counsel failed to argue that the indictment charged him with conspiracy to manufacture or distribute over 50 grams of methamphetamine, so the district court's instruction allowing conviction for less than 50 grams constructively amended the indictment.

Although Midkiff was charged with an amount of methamphetamine of over 50 grams, the jury found the amount was actually less than 50 grams (Appellate Record Vol. 9, Tr. pp. 873-873). This finding does not amount to a constructive amendment of the indictment; Midkiff was merely convicted of a lesser included offense. Compare, <u>U.S. v. Brooks</u>, 524 F.3d 549, 555 n.9 (4th Cir. 2008),

citing <u>U.S. v. Martinez</u>, 430 F.3d 317, 340 (6th Cir. 2005), cert. den., 547 U.S. 1034, 126 S.Ct. 1603 (2006). Also, <u>U.S. v. Mitchell</u>, 484 F.3d 762, 773 (5th Cir. 2007), cert. den., 552 U.S. 923 & 1103, 128 S.Ct. 297 & 869 (2007). Therefore, Midkiff's attorney had no ground for an objection.

Since Midkiff has not demonstrated that an error occurred, he has not shown he had ineffective assistance of counsel and this issue is meritless.

CONCLUSION

Based on the foregoing discussion, IT IS RECOMMENDED that Midkiff's Section 2255 motion (Doc. 266) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

20

SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

21