UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  1:05-CR-10022-01 |
| VERSUS | JUDGE DRELL |
| JAMES BERNIS MIDKIFF (01) | MAGISTRATE JUDGE KIRK |

### RULING AND ORDER

Before the court is a "Motion for Compassionate Release Pursuant to Title 18 U.S.C. §3582(C)(1)(A)(i)/First Step Act" filed by James Bernis Midkiff ("Midkiff").  (Doc. 402). Therefore, Midkiff seeks compassionate release based upon the change to the stacking provisions found in 18 U.S.C. §924(c) and his failing health.  The motion has been fully briefed and is ripe for consideration.  For the following reasons, the court finds the motion should be GRANTED in part and DENIED in part.

On July 11, 2006, Midkiff and three co-defendants were charged in a multi-count superseding indictment.  Midkiff was charged with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §846, three counts of attempt to manufacture methamphetamine in violation of 21 U.S.C. §841, one count of possession with intent to distribute methamphetamine, two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1), two count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1), and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §922. (Doc. 103).  On April 10, 2007, a jury found Midkiff guilty on all aforementioned counts. (Doc. 166).  On October 4, 2007, this court sentenced Midkiff to 168 months on the drug related charges, 10 years on the charges for felon in possession

of a firearm and ammunition, 5 months for the first possession of a firearm in furtherance of a drug crim charge and 25 months on the second.[1]  On January 26, 2017, the court reduced Midkiff's sentence on the drug related charges to 135 months as the guideline sentencing range was lowered and made retroactive by the United States Sentencing Commission.  (Doc. 362).  Midkiff is currently incarcerated at FCI- Edgefield in Edgefield, South Carolina.

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies.  The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court.  Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020).  Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier.  18 U.S.C. §3582(c)(1)(A).

On November 19, 2019, Prior to the filing of the instant motion and the introduction of the coronovirus to the United States, Midkiff submitted a request to the Warden of FCI-Edgefield for release and argued the amendment to the stacking provisions of 18 U.S.C. 924(c) amounted to "extraordinary and compelling" circumstances warranting release.  On August 26, 2020, Midkiff filed an additional request  to the warden based upon his deteriorating health conditions.  It is the court's understanding that the warden failed to address either of the requests.  As more than 30 days have passed since Midkiff filed his requests with the warden, we find that he has exhausted

---

[1] The sentences for the drug and possession of a firearm charges were to run concurrently and the firearm charges were to run consecutively.

his administrative remedies as required under the First Step Act, 18 U.S.C. §3582(c)(1)(A).  United States v. Koons, 455 F.Supp.3d 285 (W.D.La. 2020).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered.  18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Midkiff contends his medical condition creates "extraordinary and compelling reasons" that warrant a reduction in his sentence.  Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A)(i):

(A)     **Medical Condition of the Defendant.-**

    (i)     The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory).  A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)     The defendant is –
       (I)     suffering from a serious physical or mental condition,

       (II)     suffering from a serious functional or cognitive impairment, or

       (III)     experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

(B)    **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    **Family Circumstances.** –

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

(D)    **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, Crim. Act. No. H-11-803(1), 2019 4673725 at *2 (S.D. Tex. Sept. 25, 2019); United States v. Jones, 836 F.3d 896, 899 (8th Cir.2016) (the movant bears the burden of proving he is entitled to a sentence reduction). Midkiff has carried his burden of proving "extraordinary and compelling reasons" warrant a reduction in his sentence. He meets each of the criteria found at Sentencing Guidelines §1B1.13(B). He is 70 years old. He is experiencing a deterioration in physical health due to the aging process and he has served 15 years of his sentence. The list of ailments from which Midkiff suffers is substantial. Medical records from BOP reveal that Midkiff suffers from coronary artery disease and left heart failure. He has had 10 heart attacks and five stents placed. He has high cholesterol, hypertension, hepatitis B, peripheral neuropathy a hernia and a skin condition called lichen planus and due to his age and health, he is not a candidate for hernia repair surgery.

Moreover, the United States does not oppose Midkiff's release. It acknowledges his medical condition and notes that his multiple heart attacks and stent placements are conditions that

the CDC has identified as placing him at risk of serious COVID-19 complications.  For all of the aforementioned reasons, we find that "extraordinary and compelling reasons" exist and warrant Midkiff's release under 18 U.S.C. §3582(c)(1)(A)(i).

Having found "extraordinary and compelling reasons", we must now examine the factors set forth in section 3553(a) to see if they impact the decision.  18 U.S.C. §3582(c)(1)(A).  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed - to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with the needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a).  We do not find a §3553 negative impact in this case.  Midkiff's 15 years of incarceration is no slap on the wrist for the crimes he committed as he has essentially served a life sentence.  We also note that the lengthy sentence, properly imposed at the time, is no longer the norm as both sentencing statutes and the Guidelines have been subject to amendment in the years following his sentencing.  As such, we do not find the §3553(a) factors adversely impact the "extraordinary and compelling reasons" which weigh heavily in favor of Midkiff's release.

Although Midkiff was convicted of drug related and firearm charges, we do not find him to be a danger to the community at this time.  We reiterate that Midkiff is 70 years old and in deteriorating health.  Midkiff was a methamphetamine addict and a rural cook.  Though he possessed a firearm and ammunition, he never used, brandished, or threatened to use them at any

point. Moreover, Midkiff will remain on supervised release for a six year term and will be monitored by officers with the United States Probation Office.

Having determined that Midkiff should be released because of "extraordinary and compelling reasons" related to his age and health condition, we do not find (and the government concedes) that we need to address the issue his argument for a reduction in light of changes to the stacking provision of 18 U.S.C. §924(c). Accordingly, that request for relief shall be denied as moot. In light of the foregoing, it is hereby

ORDERED that Midkiff's motion for compassionate release (Doc. 402) is GRANTED in PART and DENIED in PART. Midkiff's request for release based upon his age and deteriorating health is GRANTED and his term of imprisonment is reduced to time served. Midkiff's request for release due to a change in sentencing law for "stacked" convictions under 18 U.S.C. §924(c) is DENIED AS MOOT. It is further

ORDERED that the Bureau of Prisons immediately release Midkiff upon his completion of any necessary quarantine period, in keeping with BOP protocols for COVID-19. It is further

ORDERED that upon Midkiff's release he shall begin service of his six year period of supervised release.

THUS DONE AND SIGNED this 16 day of October 2020, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT